# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA
# PHOENIX DIVISION

| | |
|---|---|
| Brian Borakowski<br><br>    Plaintiff,<br><br>v.<br><br>National Credit Solutions, LLC d/b/a NCS of Oklahoma, LLC<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Scottsdale, AZ at all times relevant to this action.

2. Defendant is an Oklahoma limited liability company that maintained its principal place of business in Oklahoma City, OK at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Wells Fargo, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. Plaintiff and Defendant had communicated regarding the above mentioned debt until the stress and inconvenience of these communications became overwhelming for Plaintiff and his family.

14. On or around February 18, 2011, Plaintiff faxed Defendant a letter requesting that Defendant cease communications with Plaintiff by telephone.

15. Plaintiff's notice instructed Defendant to communicate with Plaintiff solely via the United States Postal Office.

16. Despite Plaintiff's notice, Defendant telephoned Plaintiff in connection with the collection of the debt on or around March 10, 2011.

17. At the time of the request to cease communication and subsequent phone call by the Defendant, Plaintiff's wife was pregnant.

18. Due to the stress of Defendant's telephone calls, including the telephone call received after Plaintiff requested Defendant to cease and desist telephone communications, strain was placed on Plaintiff's relationship with his wife.

19. Plaintiff's wife went into early labor on March 12, 2011 following the telephone communication initiated by the Defendant on March 10, 2011.

20. Defendant caused Plaintiff emotional distress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

23. In support hereof, Plaintiff incorporates paragraphs 13-15 as if specifically stated herein.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

25. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN

By: */s/ Jody A. Corrales*
Jody A. Corrales, Bar # 024869
101 N. First Ave., Suite 2400
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
jac@legalhelpers.com
*Attorney for Plaintiff*